UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| MORRIS PERRY, SR., | ) | CASE NO. 1:07 CV 2618 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| HON. KATHLEEN M. O'MALLEY, *et al.*, | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

On August 29, 2007, *pro se* plaintiff Morris Perry, Sr. filed this *Bivens*[1] action against United States District Judge Kathleen M. O'Malley, Assistant United States Attorney Thomas Bauer, and Attorney Paul Gains. In the complaint, plaintiff alleges he was unfairly convicted in federal court eleven years ago. He seeks $ 1,500,000.00 in damages.

**Background**

Mr. Perry was indicted by a grand jury in the United States District Court for the Northern District of Ohio on February 15, 1995. The six count indictment charged him with violating 21 U.S.C. § 841(a)(1), (b)(1)(B), 18 U.S.C. § 924(a), (c)(1) and 18 U.S.C. 922(g)(1). *United States v. Perry*, No. 4:95cr0067, (N.D. Ohio filed Feb. 15, 1995). Attorney Paul J. Gains

---

[1] *Bivens v. Six Unknown Agents*, 403 U.S. 383 (1971).

was appointed to represent him. A plea of not guilty was entered by Mr. Perry to all counts of the indictment during his arraignment before Magistrate Judge James S. Gallas on February 22, 1995. The case was assigned to United States District Judge Kathleen M. O'Malley.

Mr. Perry filed several motions through counsel challenging the propriety of his criminal prosecution. A Motion to Dismiss Defendant from Indictment for selective prosecution and a Motion to Dismiss Indictment for lack of jurisdiction were filed by Mr. Gains on September 14, 1995. The court denied the motions. Mr. Perry's jury trial commenced on December 3, 1996 and ended with a guilty verdict on Counts 1, 4, 5 and 6 on December 9, 1996.[2] Mr. Perry filed a *nunc pro tunc* motion for extension of time to file a motion for a new trial. The court denied the motion on February 19, 1997. Three months later, Mr. Perry filed a second motion challenging the district court's jurisdiction. Judge O'Malley denied it by marginal entry on May 6, 1997, the same date the motion was filed.

Mr. Perry was sentenced on May 6, 1997 to 140 months on Counts 1, 4 and 6 and 60 months on Count 5 to run consecutively to his sentence on Counts 1, 4, and 6. The court further imposed a four year term of supervised release. Judge O'Malley granted Mr. Perry's oral motion to proceed *pro se* on appeal, despite her offer to appoint counsel. He filed a Notice of Appeal on May 9, 1997.[3] The district court's judgment was subsequently affirmed by the Sixth Circuit Court of Appeals on January 15, 1999.

After his sentencing, Mr. Perry began a relentless campaign to overturn his

---

[2] Count 3 of the indictment was dismissed during trial.

[3] On September 2, 1997, the court appointed Attorney Shawn P. Martin to represent Mr. Perry during his appeal.

conviction. Before the United States Sixth Circuit Court of Appeals reached its decision on his direct appeal, Mr. Perry filed a Motion for a New Trial on February 6, 1998. Judge O'Malley denied Mr. Perry's Motion on January 19, 1999, and he appealed that order on February 1, 1999. Sixth Circuit affirmed the district court's decision on February 13, 2000.

Thereafter, Mr. Perry filed a series of post conviction Motions and Petitions. He filed a Petition for a Writ of Mandamus on March 5, 1999. The Petition was denied by the Sixth Circuit on May 3, 1999. He attempted to appeal the denial of the Petition to the United States Supreme Court on August 25, 1999. The Petition for a Writ of Certiorari was denied on October 26, 1999. He filed another Petition for a Writ of Mandamus on April 17, 2000. The Court of Appeals dismissed that Petition on May 15, 2000. A third Petition for a Writ of Mandamus was filed with the Sixth Circuit by Mr. Perry on June 5, 2000. One month later, the appeals court denied the Petition and Mr. Perry filed a Petition for Writ of Certiorari on December 26, 2000. The Supreme Court denied the Petition on March 5, 2001. Mr. Perry recently filed a fourth Petition for a Writ of Mandamus. It was denied by the Sixth Circuit on September 21, 2007.

Mr. Perry filed his first of seven Motions to Vacate his Sentence pursuant to 28 U.S.C. § 2255 on January 7, 2000. *See Perry v. United States*, Case No. 4:00 CV 64 (N.D. Ohio 2000). On April 28, 2000, Judge O'Malley issued a Memorandum of Opinion denying Mr. Perry's motion. Mr. Perry appealed that decision which was upheld by the Sixth Circuit. Mr. Perry filed a second Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255 on October 4, 2000. *See Perry v. United States*, Case No. 4:00 CV 2530 (N.D. Ohio Oct. 4, 2000). The case was transferred to the Sixth Circuit to determine whether Mr. Perry should be permitted to file a second successive petition. The Sixth Circuit determined that the petition was successive and dismissed the action on

January 29, 2001. He filed a third Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255. The Sixth Circuit denied this petition as successive on September 16, 2002. A fourth § 2255 Motion was filed by Mr. Perry and dismissed as successive by the Sixth Circuit on June 17, 2004. Undeterred, he filed three more § 2255 Motions. They were again dismissed as successive petitions on March 16, 2005, July 28, 2006, and March 21, 2007.

As that avenue was proving to be ineffective, Mr. Perry began to file Petitions for a Writ of Habeas Corpus under 28 U.S.C. § 2241 to challenge his conviction. His first §2241 petition was filed on March 8, 2001. *See Perry v. Lamanna*, Case No. 4:01 CV 555 (N.D. Ohio filed March 8, 2001). The Petition was denied on April 24, 2001 on the basis that a Petition under § 2241 could not be used to attack a conviction. Mr. Perry appealed that decision, and once again, it was affirmed by the Sixth Circuit Court of Appeals. He filed a Petition for a Writ of Certiorari in the United States Supreme Court. That Petition was also denied. He filed a second Petition on December 10, 2002. That Petition was denied for the same reason as the first Petition. *See Perry v. Morrison*, Case No. 1:02 CV 2413 (N.D. Ohio filed Dec. 10, 2002). The third Petition was filed on September 15, 2005. *See Perry v. Sniezek*, Case No. 4:05 CV 2180 (N.D. Ohio filed Sept. 15, 2005). It was denied on November 21, 2005. Shortly after filing *Perry v. Sniezek*, Mr. Perry filed a fourth § 2241 Petition against the United States. *See Perry v. United States*, Case No. 1:05 CV 2308 (N.D. Ohio Sept, 29, 2005). That Petition was denied on October 28, 2005. Mr. Perry filed yet another Petition for relief under 28 U.S.C. § 2241 on March 29, 2007. That Petition was denied on May 24, 2007.

In addition to all of these pleadings, Mr. Perry filed four more Motions for a New Trial, two Motions for Relief from Judgment, a Motion to Appoint Counsel and Determine his

Competency, a Notice of Entitlement to Immediate Release, a Motion for Relief from Void Judgment, a Motion to Recuse Judge O'Malley, nine Motions for Release on Bail, and a Notice of Lack of Jurisdictional Prerequisites. All of the Motions were denied.

Mr. Perry has now filed the within action under 42 U.S.C. § 1983 against Judge O'Malley, the Assistant United States Attorney who prosecuted him and his defense attorney. He claims that eleven years ago, the court lacked jurisdiction to prosecute and convict him. He seeks monetary damages.

**Analysis**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[4] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to §1915(e).

**I. Heck v. Humphrey**

As an initial matter, Mr. Perry cannot collaterally attack his conviction in a civil rights action. A prisoner may not raise claims in a civil rights action if a judgment on the merits

---

[4] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

of those claims would affect the validity of his conviction or sentence, unless the conviction or sentence has been set aside. *See Edwards v. Balisok*, 520 U.S. 641, 646 (1997); *Heck v. Humphrey*, 512 U.S. 477, 486 (1994). The holding in *Heck* applies whether plaintiff seeks injunctive, declaratory, or monetary relief. *Wilson v. Kinkela*, No. 97-4035, 1998 WL 246401 at *1 (6th Cir. May 5, 1998). Mr. Perry raises claims which, if found to have merit, would call into question the validity of his conviction. As such, he must also allege his conviction was declared invalid by either an Ohio state court or a federal habeas corpus decision. He has not done so and dismissal of his case would be required on this ground alone.

## II. Absolute Immunity

Even if Mr. Perry could demonstrate that his conviction had been set aside, he could not pursue an action for damages against either United States District Judge Kathleen M. O'Malley or United States Attorney Thoms Bauer. Both are entitled to absolute immunity for actions taken in the course of a judicial proceeding.

Judicial officers are absolutely immune from civil suits for money damages. *Mireles v. Waco*, 502 U.S. 9, 9 (1991); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). They are accorded this broad protection to ensure that the independent and impartial exercise of their judgment in a case is not impaired by the exposure to damages by dissatisfied litigants. *Barnes*, 105 F.3d at 1115. For this reason, absolute immunity is overcome only in two very limited situations: (1) when the conduct alleged is performed at a time when the defendant is not acting as a judge; or (2) when the conduct alleged, although judicial in nature, is taken in complete absence of all subject matter jurisdiction of the court over which he or she presides. *Mireles*, 502 U.S. at 11-12; *Barnes*, 105 F.3d at 1116. *Stump*, 435 U.S. at 356-57. A judge will not be deprived of immunity even if

the action he or she took was performed in error, done maliciously, or was in excess of his or her authority. Judge O'Malley clearly was acting in her capacity as a judicial officer when the actions alleged in the complaint occurred. Moreover, federal criminal prosecutions are clearly within the jurisdiction of her court. Consequently, she is entitled to absolute immunity from damages. Mr. does not have recourse against the judge for damages under 42 U.S.C. §1983.

Similarly, prosecutors are also entitled to absolute immunity from damages for initiating a prosecution and in presenting the state's case. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *Pusey v. Youngstown*, 11 F.3d 652, 658 (6th Cir. 1993). A prosecutor must exercise his or her best professional judgment both in deciding which suits to bring and in conducting them in court. *Skinner v. Govorchin*, No. 05-2458, 2006 WL 2661092, at *6-7, slip op.(6th Cir. Sept. 18, 2006). This duty could not be properly performed if the prosecutor is constrained in making every decision by the potential consequences of personal liability in a suit for damages. *Id.* These suits could be expected with some frequency, for a defendant often will transform his resentment at being prosecuted into the ascription of improper and malicious actions to the State's advocate. *Imbler*, 424 U.S. at 424-25; *Skinner*, No. 05-2458, 2006 WL 2661092, at *6-7. Absolute immunity is therefore extended to prosecuting attorneys when the actions in question are those of an advocate." *Spurlock v. Thompson*, 330 F.3d 791, 798 (6th Cir.2003). Immunity is granted not only for actions directly related to initiating a prosecution and presenting the State's case, but also to activities undertaken "in connection with [the] duties in functioning as a prosecutor." *Id.* at 431; *Higgason v. Stephens*, 288 F.3d 868, 877 (6th Cir.2002). The immunity also reaches beyond the criminal process to conduct in civil proceedings where a government attorney is operating in an enforcement role in "initiating ... judicial proceedings," *Cooper v. Parrish*, 203 F.3d 937, 947 (6th Cir.2000), or

"undertak[ing] the defense of a civil suit," *Al-Bari v. Winn*, No. 89-5150, 1990 WL 94229, at *1 (6th Cir. July 9, 1990). In this instance, the challenged actions of Assistant United States Attorney Thomas Bauer were intimately associated with the judicial phase of Mr. Perry's prosecution. The complaint contains no facts which indicate that this defendant participated in any other kind of activity. Consequently, Mr. Bauer is also entitled to absolute immunity.

### III. Non-Government Defendant

Private Attorney Paul Gains is not subject to suit in a *Bivens* action. A *Bivens* action can only be brought against a federal agent or employee. *See Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 484-86 (1994); *Okoro v. Scibana*, No. 02-1439, 2003 WL 1795860 at * 1 (6th Cir. April 1, 2003). A privately retained attorney hired for the purpose of bringing a suit for monetary damages or defending criminal charges is not considered a government employee for purposes of a civil rights action. *See Washington v. Brewer*, No. 91-1935, 1991 WL 243591 (6th Cir. Nov. 21, 1991); *see also*, *Polk County v. Dodson*, 454 U.S. 312, 321 (1981).

### IV. Statute of Limitations

In addition, Mr. Perry's claims are clearly asserted beyond the applicable statute of limitations period. In addressing the timeliness of a federal constitutional damages action, "the settled practice has been to adopt a local time limitation as federal law if it is not inconsistent with federal law or policy to do so." *Wilson v. Garcia*, 471 U.S. 261, 266-67,(1985). That practice applies both to § 1983 actions (because "Congress did not establish a statute of limitations or a body of tolling rules applicable to actions brought in federal court under § 1983," *Bd. of Regents of the Univ. of the State of New York v. Tomanio*, 446 U.S. 478, 483 (1980)) and to *Bivens* actions (because the federal Constitution does not list, any more than the § 1983 statute does, the timeliness

-8-

rules that govern implied damages actions). *See McSurely v. Hutchison*, 823 F.2d 1002, 1005 (6th Cir.1987). Ohio's two-year statute of limitations, pursuant to Ohio Rev.Code § 2305.10, governs this *Bivens* action. The allegations in the complaint took place in 1996. This action was filed in 2007, well beyond the expiration of the two-year statute of limitations period

## V. Res Judicata

Finally, it is apparent that in the course of countless civil proceedings throughout the previous eleven years, Mr. Perry has asserted, on numerous occasions, his claim that the federal court lacked jurisdiction to prosecute him. The doctrine of *res judicata* dictates that a final judgment on the merits of a claim precludes a party from bringing a subsequent lawsuit on the same claim or from raising a new defense to defeat the prior judgment. *Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 918 F.2d 658, 660 (6th Cir. 1990). It bars relitigation of every issue actually brought before the court and every issue or defense that should have been raised in the previous action. *Id.* The purpose of this doctrine is to promote the finality of judgments and thereby increase certainty, discourage multiple litigation, and conserve judicial resources. *Westwood Chemical Co. v. Kulick*, 656 F.2d 1224 (6th Cir. 1981). A subsequent action will be subject to a *res judicata* bar only if there is an identity of the facts creating the right of action and of the evidence necessary to sustain each action. Both of these requirements are met in this case. Mr. Perry is therefore precluded from litigating this matter yet another time.

## Vexatious Litigation

It is also apparent that unless action is taken by this Court, Mr. Perry will continue undeterred to file multiple frivolous pleadings. Federal courts have both the inherent power and constitutional obligation to protect their jurisdiction from conduct which impairs the ability to carry

out Article III functions. *Procup v. Strickland*, 792 F.2d 1069, 1073 (11th Cir. 1986). Moreover, this Court has the responsibility to prevent litigants from unnecessarily encroaching on judicial machinery needed by others. *Id*. To achieve these ends, the United States Court of Appeals for the Sixth Circuit has approved enjoining vexatious and harassing litigants by requiring them to obtain leave of court before submitting additional filings. *Filipas v. Lemons*, 835 F.2d 1145 (6th Cir. 1987); *Wrenn v. Vanderbilt Univ. Hosp.*, Nos. 94-5453, 94-5593, 1995 WL 111480 (6th Cir. Mar. 15, 1995)(authorizing a court to enjoin harassing litigation under its inherent authority and the All Writs Act, 28 U.S.C. § 1651(a)(citations omitted)).[5]

Mr. Perry has established a pattern of filing complaints in this court which are patently frivolous and vexatious, and which appear calculated to harass the court and abuse the judicial process. Accordingly, Morris Perry, Sr. is permanently enjoined from filing any new lawsuits or other documents without seeking and obtaining leave of court in accordance with the following:

> 1.  He must file a "Motion Pursuant to Court Order Seeking Leave to File" with any document he proposes to file and he must attach a copy of this Order to it (any such motion should be filed in a miscellaneous case).
>
> 2.  As an exhibit to any motion seeking such leave, he must also attach a declaration which has been prepared pursuant to 28 U.S.C. § 1746 or a sworn affidavit certifying that (1) the document raises a new issue which has never been previously raised by him in this or any other court, (2) the

---

[5] Other circuits have endorsed enjoining these types of filers. See *Day v. Allstate Ins. Co.*,788 F.2d 1110 (5th Cir.1986); *Cotner v. Hopkins*, 795 F.2d 900 (10th Cir. 1986); *Procup v. Strickland*, 792 F.2d 1069 (11th Cir. 1986); *Franklin v. Murphy*, 745 F.2d 1221 (9th Cir. 1984); *In re Martin-Trigona*, 763 F.2d 140 (2d Cir. 1985); *In re Green*, 669 F.2d 779 (D.C. Cir. 1981)(per curiam); *Green v. Warden*, 699 F.2d 364 (7th Cir. 1983), *cert. denied*, 461 U.S. 960 (1983); *Green v. White*, 616 F.2d 1054 (8th Cir. 1980) (per curiam); *Gordon v. Dep't of Justice*, 558 F.2d 618 (1st Cir. 1977); *Gambocz v. Yelencsics*, 468 F.2d 837 (3d Cir. 1972).

claim or issue is not frivolous, and (3) the document is not filed in bad faith.

3. By means of a second exhibit, he must identify and list: (a) the full caption of each and every suit which has been previously filed by him or on his behalf in any court against each and every defendant in any new suit he wishes to file, and (b) the full caption of each and every suit which he has currently pending.

4. As a third exhibit to the motion, he must provide a copy of each complaint identified and listed in accordance with the foregoing paragraph 3 and a certified record of its disposition.

The Court may deny any motion for leave to file if the proposed document is frivolous, vexatious, or harassing. If the motion is denied, the document shall not be filed. Further, plaintiff's failure to comply with the terms of this Order shall be sufficient ground for this Court to deny any motion for leave to file, and may be considered an act of contempt for which he may be punished accordingly.

Further, to prevent future harassment by plaintiff and the waste of this court's limited resources, the Clerk's Office is hereby ordered as follows:

(1) Any document submitted by Mr. Perry prior to him obtaining leave to file shall not be filed unless it is <u>specifically identified</u> as a "Motion Pursuant to Court Order Seeking Leave to File," and unless it contains: 1) an affidavit or sworn declaration as required by this order; 2) a copy of this Memorandum of Opinion; and, 3) the exhibits required by this Memorandum of Opinion.

(2) The Clerk's Office shall not accept any filing fees, cover sheets, in forma pauperis applications, summonses, or U.S. Marshal Forms, in connection with any Motion Pursuant to Court Order Seeking Leave to File which Mr. Perry files, unless and until leave is granted.

## Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 1915(e). Mr. Perry

is enjoined from filing any new lawsuits or other documents without seeking and obtaining leave of court as set forth in the Memorandum of Opinion and Order. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[6]

        IT IS SO ORDERED.

        /s/ Patricia A. Gaughan
        PATRICIA A. GAUGHAN
        UNITED STATES DISTRICT JUDGE

Dated: 11/9/07

---

[6] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.